■ Deiddi Negron, Respondent, v City of New York et al., Appellants, et al., Defendants.—Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered April 26, 1989, which, *inter alia,* denied the city's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion to dismiss the city's second, third, fourth, fifth, sixth, seventh, ninth and tenth affirmative defenses, unanimously affirmed, without costs.

The special legislation permitting plaintiff to file a late notice of claim against the city and the Health and Hospitals Corporation for permanent injuries allegedly sustained at his birth on May 17, 1968 at Morrisania Hospital and at all times thereafter during his treatment there (L 1985, ch 819) does not relate to the "property, affairs or government of any local government" within the meaning of NY Constitution, article IX, § 2 (b) (2) as that phrase has been interpreted by the courts *(see, City of New York v Village of Lawrence,* 250 NY 429, 443-445; *Robertson v Zimmermann,* 268 NY 52, 60). Thus, we perceive no violation of the city's home rule powers. Nor do we find the legislation to be impermissively retroactive. Unlike *Matter of Beary v City of Rye* (44 NY2d 398, 413-414), where the court found that there was no clear expression that the Legislature intended to expose municipal corporations to the revival of ancient claims, the clear intention of the Legislature in enacting the special legislation here was to revive plaintiff's time-barred claim and the law expressly does so. Indeed, in approving the bill, Governor Cuomo, who had disapproved an identical bill in 1984, stated: "While opponents point out that the bill creates a special exception, the Legislature, which wrote general policy in this area, has determined that this exception is warranted. Had the incident occurred during or after 1975, this bill would have been unnecessary. I am similarly persuaded by the unique circumstances of the case that an exception is justified." (Exec mem to L 1985, ch 819, 1985 McKinney's Session Laws of NY, at 3330, 3331.)

We have considered the city's other argument and find it to be without merit. Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.